# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0959V

|                                           |                                  |
|-------------------------------------------|----------------------------------|
| MARLA MILLER,                             | Chief Special Master Corcoran    |
|                 Petitioner, | |
| v.                                        | Filed: February 9, 2024          |
| SECRETARY OF HEALTH AND HUMAN SERVICES,   |                                  |
|                 Respondent. |  |

*Anne Carrion Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 3, 2020, Marla Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on November 14, 2017. Petition at ¶1, 15. On April 29, 2022, I issued a ruling finding Petitioner entitled to compensation following briefing by the parties. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Approximately one month later, on June 1, 2023, I issued a damages decisions following briefing and expedited Motions Day argument by the parties. ECF No. 52.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $62,586.06 (representing $60,667.00 for fees and $1,919.06 for costs). Petitioner's Application for Attorneys' Fees ("Motion") filed Oct. 5, 2023, ECF No. 58. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 58-3.

Respondent reacted to the motion on October 19, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 59. Petitioner filed no reply.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of costs to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991).  The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I note this case required additional briefing and argument regarding the issues of entitlement and damages. *See* Status Report, filed Nov. 12, 2021, ECF No. 23 (noting an impasse in settlement discussions); Petitioner's Motion for a Ruling on the Record, filed Feb. 14, 2022, ECF No. 30; Petitioner's Reply to Respondent's Response, filed Apr. 22, 2022, ECF No. 37. Petitioner's counsel expended approximately 4.90 hours drafting the motion for a ruling regarding entitlement and 9.50 hours drafting the reply, totaling 14.40 hours. ECF No. 58-1 at 20-21, 24. Although likely that some work could have been performed more efficiently if the parties had briefed both issues simultaneously, Petitioner's counsel performed these briefing tasks quickly. Rather, the greater amount of hours and thus, attorney's fees in this case, was warranted by the difficulties Petitioner encountered obtaining medical records and other documentation. *E.g.,* ECF Nos. 24, 28, 34. Thus, I find the amount of time spent briefing the issues of entitlement and damages to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

## ATTORNEY COSTS

Petitioner requests $1,919.06 in overall costs. ECF No. 58-2. Such costs are associated with medical records costs, legal research, postage fees, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $282.93 in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment.[3] The majority of these costs are associated with Thomson Reuters legal research, however, the supporting invoices do not clearly identify the individual costs making it difficult for the undersigned to verify the requested amount. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow reimbursement of such costs, reducing the total amount of litigation costs to be awarded by **$282.93.**

---

[3] Examples of the unsubstantiated costs: 8/17/22, 9/14/22, 10/10/22, 11/08/22, 11/09/22, 6/9/23, 7/20/23, 9/25/23. See ECF No. 58-2 at 2.

3

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $62,303.13 (representing $60,667.00 for fees and $1,636.13 for costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be forwarded to Maglio Christopher and Toale Law, 1605 Main Street, Suite 710, Sarasota, FL 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.